**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) CLASS ACTION ) |
| WEB.COM GROUP, INC., DAVID L. BROWN, TIMOTHY P. COST, HUGH M. DURDEN, PHILIP J. FACCHINA, JOHN GIULIANI, TIMOTHY I. MAUDIN, ROBERT S. MCCOY, JR., and DEBORAH H. QUAZZO, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on June 21, 2018 (the "Proposed Transaction"), pursuant to which Web.com Group, Inc. ("Web.com" or the "Company") will be acquired by affiliates of Siris Capital Group, LLC.

2. On June 20, 2018, Web.com's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with Parker Private Holdings II LLC ("Parent") and Parker Private Merger Sub Inc. ("Merger Sub," and together with Parent and Siris Capital Group, LLC, "Siris"), which was amended on August 5, 2018 (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Web.com's shareholders and completed, Web.com's stockholders will

receive $28.00 in cash for each share of the Web.com common stock they hold.

3. On September 5, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for October 10, 2018, omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Web.com common stock.

9. Defendant Web.com is a Delaware corporation and maintains its principal

executive offices at 12808 Gran Bay Parkway West, Jacksonville, Florida.  Web.com's common stock is traded on the NasdaqGS under the ticker symbol "WEB."  Web.com is a party to the Merger Agreement.

10. Defendant David L. Brown ("Brown") is the Chairman of the Board, Chief Executive Officer ("CEO"), and President of Web.com.

11. Defendant Timothy P. Cost ("Cost") is a director of Web.com.

12. Defendant Hugh M. Durden ("Durden") is a director of Web.com.

13. Defendant Philip J. Facchina ("Facchina") is a director of Web.com.

14. Defendant John Giuliani ("Giuliani") is a director of Web.com.

15. Defendant Timothy I. Maudlin ("Maudlin") is a director of Web.com.

16. Defendant Robert S. McCoy Jr. ("McCoy") is a director of Web.com.

17. Defendant Deborah H. Quazzo ("Quazzo") is a director of Web.com.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Web.com (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20. This action is properly maintainable as a class action.

21. The Class is so numerous that joinder of all members is impracticable.  As of June 18, 2018, there were 49,778,916 shares of Web.com common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others,

whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

26. Since 1997, Web.com has been the marketing partner for businesses wanting to connect with more customers and grow.

27. The Company delivers solutions that owners need to market and manage their businesses, from building brands online to reaching more customers or growing relationships with existing customers.

28. The Company's products include customized marketing plans that deliver local leads and customer-scheduling or customer-relationship marketing tools that help businesses run

more efficiently.

29. On August 5, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Siris.

30. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Web.com's shareholders and completed, Web.com's stockholders will receive $28.00 in cash for each share of the Web.com common stock they hold.

31. On September 5, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for October 10, 2018.

32. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

33. The Proxy Statement omits material information regarding the Company's financial projections as well as the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("BofA Merrill Lynch") and J.P. Morgan Securities LLC ("J.P. Morgan").

34. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35. With respect to BofA Merrill Lynch's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the standalone unlevered, after-tax free cash flows used by BofA Merrill Lynch in the analysis and all underlying line items; (ii) the estimated cash flow benefit that the Company was forecasted to realize from certain net operating losses ("NOLs") from the second fiscal quarter of 2018 through fiscal year 2023; and (iii) the inputs and assumptions underlying the discount rates ranging from 9.25% to 11.00% and the perpetuity growth rates ranging from 2.5% to 3.0%.

36. With respect to BofA Merrill Lynch's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by BofA Merrill Lynch in the analysis.

37. With respect to J.P. Morgan's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the standalone unlevered, after-tax free cash flows that the Company was forecasted to generate from the second fiscal quarter of 2018 through fiscal year 2022 and all underlying line items; (ii) the range of terminal values for the Company; (iii) the inputs and assumptions underlying the range of discount rates from 8.75% to 10.75% and the terminal growth rate ranging from 1.5% to 2.5%; and (iv) the Company's tax attributes taken into account by J.P. Morgan in the analysis.

38. The Proxy Statement also omits material information regarding potential conflicts of interest of J.P. Morgan.

39. The Proxy Statement provides that, "[d]uring the two year period preceding delivery of its opinion, the aggregate fees received by J.P. Morgan from the Company were approximately $960,000 and *from Siris, including fees received after the issuance of J.P. Morgan's opinion, were approximately $915,000*." (Emphasis added). However, the Proxy Statement fails

to disclose the timing and nature of the services J.P. Morgan provided to Siris after the issuance of its opinion.

40. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

41. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Opinions of Web.com's Financial Advisors; (ii) Certain Company Forecasts; and (iii) Background of the Merger.

42. The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Web.com**

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Web.com is liable as the issuer of these statements.

45. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46. The Individual Defendants were at least negligent in filing the Proxy Statement

with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of Web.com within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Web.com and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to

copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

55.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.   Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.   Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.   Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.   Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 11, 2018                     **RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
      Brian D. Long (#4347)
**OF COUNSEL:**                                Gina M. Serra (#5387)
                                               300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**                               Wilmington, DE 19801
Richard A. Maniskas                            Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300                Facsimile: (302) 654-7530
Berwyn, PA 19312                               Email: bdl@rl-legal.com
Telephone: (484) 324-6800                      Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                         *Attorneys for Plaintiff*